

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:11cr100

CARLTON A. EDWARDS

### MEMORANDUM OPINION

Carlton A. Edwards, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 61).[1] Edwards contends that he experienced ineffective assistance of counsel[2] in conjunction with his guilty plea and sentencing. Edwards also argues that the Court imposed an unreasonable sentence. Specifically, Edwards demands relief because:

Claim One:      "The District Court abused its discretion in failing to place on the record an individualized assessment of the [18 U.S.C. §] 3553(a) factors and relevant facts of the case relating to Edwards." (§ 2255 Mot. 4.)

Claim Two:      "Unsworn summary of defendant's prior convictions. The summary was not accompanied by any documentation of alleged offenses." (Id. at 5.)

---

[1] The Court employs the pagination assigned to Edwards's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and spacing in the quotations from Edwards's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Three:    Ineffective assistance of counsel.
                (Id. at 7.)

Claim Four:     "The District Court's imposition of 120
                months was unreasonable based on all
                the facts of the case.  /Court erred in
                determining Edwards a career offender."
                (Id. at 8.)

Edwards has submitted two supplemental briefs supporting his
§ 2255 Motion.[3]   (ECF Nos. 62, 64.)   The Government has
responded, asserting that Edwards's claims lack merit.   (ECF
No. 66.)   Edwards filed a reply.   (ECF No. 67.)   Edwards has
also filed a motion to amend his § 2255 Motion ("Motion to
Amend," ECF No. 68).   For the reasons set forth below, Edwards's
§ 2255 Motion (ECF No. 61) and his Motion to Amend (ECF No. 68)
will be denied.

---

[3] In his second supplemental brief, Edwards cites Alleyne v.
United States, 133 S. Ct. 2151 (2013), and argues that "[a]ny
fact that, by law increases the penalty for a crime is an
element that must be submitted to the jury and found beyond a
reasonable doubt."   (ECF No. 64, at 1-2.)   In Alleyne, the
Supreme Court held "that any fact that increases the mandatory
minimum is an 'element' that must be submitted to the jury."
133 S. Ct. at 2155.   Although Alleyne did announce a new
constitutional rule of criminal procedure, the case is not
retroactive on collateral review.   See Crayton v. United States,
No. 13-3548, -- F.3d ----, 2015 WL 3895767, at *1-2 (7th Cir.
June 25, 2015); Williams v. United States, No. 4:09cr00039, 2014
WL 526692, at *4 (W.D. Va. Feb. 7, 2014).   In any event, Alleyne
would not apply to Edwards's case, as he was never subject to a
mandatory minimum sentence.   (Sept. 2, 2011 Tr. 2.)

2

## I. PROCEDURAL HISTORY

On April 12, 2011, the Government filed a Criminal Information charging Edwards with one count of possession with intent to distribute heroin. (Criminal Information 1, ECF No. 1.) The Court appointed John P. Gregorio to represent Edwards on April 13, 2011. (ECF No. 3.) On April 25, 2011, Edwards entered into a Plea Agreement in which he agreed to plead guilty to the one-count Criminal Information. (ECF No. 12.)

On September 8, 2011, the Court entered judgment against Edwards and sentenced him to 120 months of imprisonment. (J. 2, ECF No. 28.) Despite his appellate waiver in his plea agreement, Edwards, through counsel, filed a Notice of Appeal on September 9, 2011. (ECF No. 30.) Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the following issues: (1) whether the District Court properly complied with Rule 11's requirements while conducting the plea hearing; (2) whether the imposition of 120 months of imprisonment was unreasonable; and (3) whether the District Court erred in determining that Edwards was a career offender. (Gov't's Resp. Ex. H, at 4, ECF No. 66-8.) On May 11, 2012, the United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss the appeal based upon

3

Edwards's waiver of his right to appeal. United States v. Edwards, No. 11-4902, at 1 (4th Cir. May 11, 2012) (ECF No. 45).

## II. ANALYSIS

### A. Claims Barred From Review

Claims One and Four are barred from review here because the Fourth Circuit rejected the claims on direct review, and Edwards fails to direct the Court to an intervening change in the law that would warrant their reconsideration. See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (citing cases); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, the procedural default rule bars Claim Two from review here, absent a showing of cause and prejudice or actual innocence, because Edwards could have raised, but did not raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Linder, 552 F.3d at 397 (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"); cf. United States v. Stallard, 317 F. App'x 383, 385 (4th Cir. 2009) (rejecting, on direct appeal, claim that the Government failed to prove career offender status

because the charging documents for the predicate offenses were not introduced). Accordingly, Claims One, Two, and Four will be dismissed.

### B.    Ineffective Assistance Of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

5

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an

evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.  No circumstances exist here that would lead the Court to consider Edwards's prior sworn statements as other than truthful.

In Claim Three, Edwards argues that he received ineffective assistance of counsel because Mr. Gregorio was never officially appointed to represent him in this matter.  (§ 2255 Mot. 7.)  He asserts that Mr. Gregorio was only appointed to represent him for supervised release revocation proceedings in Criminal Action No. 3:03cr316.  (Id.)  Edwards argues that because of this, he was not represented during plea negotiations or at his Rule 11 proceedings.  (Id.)  Edwards' claim that he received ineffective assistance because Mr. Gregorio was never appointed to represent him in this matter is wholly frivolous and belied by the record. The Court appointed Mr. Gregorio to represent Edwards in this matter on April 13, 2011.  (ECF No. 3.)   Mr. Gregorio represented him throughout the criminal proceedings.

In his supplemental brief, Edwards expands on Claim Three in a conclusory fashion and states that Mr. Gregorio never challenged jurisdiction because Edwards "never negotiated to have the state charges dropped and to plea out to criminal information in the Feds."  (ECF No. 62, at 4.)  Edwards further

claims that Mr. Gregorio "never asked for a discovery motion" and "never challenged P.S.R. calculations, nor any of the predicates used to determine [he] was a career offender (especially the state conviction from 1994)." (Id.) Edwards also asserts that he "never got a chance to meet with him on a consistent basis to prepare any type of defense." (Id.) He further claims that counsel never challenged the "alleged 5 grams of heroin the government used to enhance [his] sentence." (Id. at 5.) Finally, Edwards argues that Mr. Gregorio failed to notify him that the Government had filed a motion to dismiss his appeal, thereby causing him to miss the deadline to respond. (Id.)

As an initial matter, Edwards fails to offer any basis for why counsel should have filed a challenge to jurisdiction or a motion for discovery. Such conclusory allegations without any factual support fail to establish any deficiency of counsel or resulting prejudice. See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Moreover, Edwards fails to demonstrate that a motion to challenge the Court's jurisdiction would have succeeded or that he would have insisted on going to trial had counsel moved for discovery. As Edwards has failed to

8

demonstrate prejudice, these aspects of Claim Three will be dismissed.

Moreover, Edwards's claim that counsel was ineffective for failing to meet with him on a consistent basis is belied by the record. In his Plea Agreement, Edwards agreed that Mr. Gregorio had rendered effective assistance. (Plea Agreement, ¶ 4.) During the Rule 11 proceedings, Edwards confirmed that he had had a "sufficient opportunity" to discuss the case with his attorney. (Apr. 25, 2011 Tr. 8-9.) He stated that he had received "enough time" to talk to Mr. Gregorio, and that he was "entirely satisfied" with everything Mr. Gregorio had done for him in this matter. (Apr. 25, 2011 Tr. 9-10.) Furthermore, in a letter dated July 9, 2012, Mr. Gregorio told Edwards that he "painstakingly explained each aspect of this case to you from your arrest, bond, options, guilty plea, trial, consequences if convicted on the new drug charge and the case law to back up each one of these points." (Gov't's Resp. Ex. N, at 2-3, ECF No. 66-14.) Given this, Edwards's claim that counsel spent insufficient time with him prior to his Rule 11 proceedings are palpably incredible. See Lemaster, 403 F.3d at 221.

Edwards next asserts that counsel failed to challenge the drug weight calculations in his Pre-Sentence Investigation Report ("PSR"). (ECF No. 62, at 4-5.) However, the Statement

of Facts supporting Edwards' plea set forth that on January 11, 2011, a confidential informant ("CI") purchased 0.255 grams of heroin from Edwards. (Statement of Facts ¶ 2, ECF No. 13.) Two days later, a CI purchased 1.972 grams of heroin from Edwards. (Id. ¶ 3.) On January 27, 2011, officers found Edwards in possession of 5.232 grams of heroin. (Id. ¶¶ 5-9.) Edwards agreed that these facts were "true and correct." (Id. at 4.) Accordingly, Edwards pled guilty to a total amount of 7.459 grams of heroin. Furthermore, Edwards's PSR stated:

> For sentencing purposes, the defendant is accountable for a total drug weight of 7.459 grams of heroin. This accounts for the three separate drug weights as determined on January 11, 2011, January 13, 2011, and January 27, 2011. However, it is noted that the defendant admitted to law enforcement that he participated in the purchase and distribution of additional amounts of heroin and cocaine hydrochloride that were not included in the calculation of the guidelines.

(PSR ¶ 17.) Because Edwards pled guilty to the 7.459 grams of heroin used to determine his Sentencing Guidelines calculation, he can offer no meritorious ground for counsel to have challenged the drug weight. Accordingly, he has shown neither deficiency nor prejudice for this claim.

Edwards further argues that counsel was deficient for not challenging "any of the predicates used to determine [he] was a

career offender [] (especially the state conviction from 1994)."
(ECF No. 62, at 4.)  With regards to this, Edwards's PSR stated:

> [T]he defendant qualifies for a sentence enhancement
> under the Career Offender provisions, pursuant to
> U.S.S.G. § 4B1.1(b), by virtue of being 18 years old
> at the time of the instant offense, the instant
> offense of conviction being a felony controlled
> substance offense, and the defendant having received
> two prior felony convictions for controlled substance
> offenses, to wit: Possess With Intent to Distribute
> Cocaine on October 25, 1994; and Distribution of 50
> Grams or More of Cocaine Base on April 23, 2004.

(PSR ¶ 62.)  Because of this finding, Edwards's total offense
level was a 29, his criminal history category was VI, and the
Guidelines called for a range of 151-188 months of imprisonment.
(Id. ¶¶ 116-18.)

Prior to sentencing, Mr. Gregorio filed a motion for a
downward variance.  (ECF No. 26.)  At sentencing, neither
Edwards nor counsel had any objections to the Guidelines
calculation.  (Sept. 2, 2011 Tr. 3-4.)  Rather, he argued that
the "advisory guideline sentence is greater than necessary to
achieve the objectives outlined in 18 [U.S.C. §] 3553(a)," and
that without the career offender enhancement, Edwards'
Guidelines range "would have been 21 to 27 months."  (Sept. 2,
2011 Tr. 4.)  He further argued that Edwards's switch from
distributing crack cocaine to distributing heroin was "unusual,"
and that such a switch was caused by Edwards's use of heroin to

11

manage his hip pain.   (Sept. 2, 2011 Tr. 8-14.)   Mr. Gregorio
explained that Edwards "has asked me to ask for a variance down
from the guideline range to 120 months."   (Sept. 2, 2011 Tr.
15.)

The   Court   found   that   the   career   offender   enhancement
created a sentence "more harsh than necessary to achieve the
objectives of the sentencing statute."   (Sept. 2, 2011 Tr. 21.)
Accordingly, the Court granted Edwards's motion for a downward
variance and sentenced him to 120 months of incarceration.
(Sept. 2, 2011 Tr. 22.)

Thus, counsel successfully argued for a significantly lower
sentence for Edwards.   Edwards has not offered any viable
grounds to challenge the finding that he was a career offender.
Accordingly, Edwards has failed to demonstrate any deficiency of
counsel   for   failing   to   challenge   the   career   offender
designation, or that, but for counsel's alleged error, he would
have received a lower sentence.

Finally, Edwards asserts that Mr. Gregorio was ineffective
because he failed to notify Edwards of the Government's motion
to dismiss his appeal and the deadline to respond.   (ECF No. 62
at 5.)   "In order to establish a claim that appellate counsel
was ineffective for failing to pursue a claim on direct appeal,
the applicant must normally demonstrate" that appellate counsel

12

performed deficiently and that a reasonable probability of a different result exists. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (citing Strickland, 466 U.S. at 688, 694). Edwards's appeal was dismissed because all of his claims were barred by his waiver of appellate rights. (See ECF No. 45.) Edwards has not demonstrated that this outcome would have been different if he had known about the Government's motion to dismiss and had filed a timely response. In sum, Edwards has shown neither deficient performance nor prejudice, and Claim Three will be dismissed.

### C. Motion to Amend

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). In his Motion to Amend, Edwards seeks to add a claim that Magistrate Judge Dohnal was not authorized to accept his guilty plea under the Federal Magistrate Act. (Mot. Amend 1-4, ECF No. 68.) At this juncture, no Order has been entered accepting the Report and Recommendation with respect to Edwards's guilty plea.

The Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claim. See Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 1792460, at *1

(E.D. Va. May 5, 2011).   As discussed below, the statute of limitations bars Edwards's claim.

### 1.  Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)  A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Edwards did appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, August 9, 2012, the

14

last date to file a petition for certiorari in the Supreme Court. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R 13(1) (requiring that a petition for certiorari be filed within ninety days). Although Edwards's initial § 2255 Motion was timely filed, neither Edwards nor the Court invoked the lack of an order adopting the Magistrate Judge's Report and Recommendation on his guilty plea for § 2255 relief (hereinafter, "the failure to adopt the R&R claim") until well after the limitations period had expired. Accordingly, the statute of limitations bars the failure to adopt the R&R claim unless Edwards demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)-(4), entitlement to equitable tolling,[4] see Sosa, 364 F.3d at 512 (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claim relates back to the claims in the § 2255 Motion, see Pittman, 209 F.3d at 314.

### 2.   Belated Commencement And Equitable Tolling

While Edwards does not explicitly assert an argument for belated commencement and equitable tolling, he states that he has "recently come across case law," and cites United States v. Harden, 758 F.3d 886, 891 (7th Cir. 2014). (Mot. Amend 1-2.)

---

[4] Neither Edwards nor the record suggests circumstances that warrant equitable tolling.

15

In Harden, the United States Court of Appeals for the Seventh Circuit held that, even when the defendant consents, a magistrate judge's acceptance of a guilty plea in a felony case violates the Federal Magistrate Act and therefore is not authorized. 758 F.3d at 891. However, Harden is not a Supreme Court decision recognizing a new right, and therefore fails to satisfy the requirements of § 2255(f)(3).

Furthermore, whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a

16

reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady[5] claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Here, the fact that the Court failed to formally adopt the Magistrate Judge's Report and Recommendation was a matter of public record, which was discoverable at any time before Edwards' sentencing. See Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Certainly, a reasonable person acting with due diligence could have discovered the facts for this new claim prior to the time his judgment of conviction became final on August 9, 2012. Accordingly, Edwards fails to demonstrate entitlement to a belated commencement of the limitation period with respect to his failure to adopt the R&R claim.

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner'

---

[5] Brady v. Maryland, 373 U.S. 83 (1963).

is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Edwards fails to demonstrate that any extraordinary circumstances prevented him from simply reviewing the public docket and filing the failure to adopt the R&R claim in a timely fashion. Accordingly, Edwards fails to demonstrate entitlement to equitable tolling.

### 3. Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. Pittman, 209 F.3d at 317. Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

18

An amended claim "does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).   In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." Pittman, 209 F.3d at 318.

In his timely § 2255 claims, Edwards did not assert that the District Court erred in failing to adopt the Report and Recommendation with respect to his guilty plea.   Edwards' new claim "arise[s] from [a] separate occurrence[] of 'both time and type'" than his original claims.   Id. (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)) (alterations in original); see Mayle, 545 U.S. at 659 ("[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims.") (internal quotation marks omitted)   (citing Fed. R. Civ. P. 15(c)(2)).   Accordingly, Edwards's failure to adopt the R&R claim does not relate back to any timely claims filed by Edwards.   Accordingly, any § 2255 relief based on the failure to adopt the R&R is barred by the statute of limitations and will be dismissed.

19

### III. CONCLUSION

For the foregoing reasons, Edwards's § 2255 Motion (ECF No. 61) will be denied.  Edwards's Motion to Amend (ECF No. 68) will be denied.  The action will be dismissed.  A certificate of appealability will be denied for Claims One through Four. However, the Court grants a certificate of appealability with respect to the failure to adopt the R&R claim.

The Clerk is directed to send a copy of the Memorandum Opinion to Edwards and counsel of record.

It is so ORDERED.

/s/  REV

Robert E. Payne
Senior United States District Judge

Date: August 27, 2015
Richmond, Virginia

20